**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

HUBERT YOUSIF, )
)
        Plaintiff, )
)
v. )
)   Case No. 12-2788-CM
LANDERS MCCLARTY OLATHE )
KS, LLC, and RLJ-McCLARTY-LANDERS )
AUTOMOTIVE HOLDINGS, LLC, )
)
        Defendants. )
)

**MEMORANDUM AND ORDER**

This matter is before the court on a joint motion to dismiss filed by defendants Landers McClarty Olathe, KS, LLC ("LM") and RLJ-McClarty-Landers Automotive Holdings, LLC ("RLJ") (Doc. 56). Plaintiff Hubert Yousif alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., with claims of discrimination based on actual and perceived race, color, religion, and national origin. Plaintiff also alleges violations of 42 U.S.C. § 1981 ("Section 1981") with claims of discrimination based on actual and perceived race. In addition, plaintiff brings a claim of retaliatory discharge under Kansas common law. Defendants' motion argues that plaintiff's "perceived" claims should be dismissed for failure to state a claim and for lack of subject matter jurisdiction. For the reasons below, defendants' motion is granted.

**I.    Factual Background[1]**

---

[1]    These facts are taken from plaintiff's amended complaint (Doc. 47). Defendants' motion included the same facts, noting that they will assume the truth of plaintiff's statement of facts, but that they reserve the right to dispute the facts at a later juncture. For the purpose of this motion, the court deems plaintiff's well-pleaded facts as true. Because the facts are undisputed, and because many of the facts are not necessary to the determination of this motion, the court includes only the following facts from plaintiff's amended complaint for the purposes of this motion.

In approximately May 2009, plaintiff began working for defendants. Defendants employed Jeff Briggs ("Briggs") and Dale Wethered ("Wethered"), both of whom had supervisory authority over plaintiff. Plaintiff suffered injuries at work on December 17, 2010, and March 4, 2011. Plaintiff reported the December 17, 2010 incident to both Briggs and Wethered. Both refused to report the injury or otherwise turn it in for the purpose of workers' compensation benefits, and plaintiff was forced to continue to work full-time for defendants and seek medical care through his own physicians. When plaintiff reported the March 4, 2011 incident to Wethered, Wethered reported this injury to workers' compensation, as well as plaintiff's earlier December 17, 2010 incident. Briggs did not assist plaintiff in seeking workers' compensation benefits.

Defendants subjected plaintiff to offensive, derogatory, and retaliatory comments regarding plaintiff's work-related injuries. Briggs also subjected plaintiff to severe and unwelcome conduct because of plaintiff's actual and perceived race, actual and perceived color, actual and perceived religion, and actual and perceived national origin, including, but not limited to, offensive comments and innuendo. Briggs refused to accommodate plaintiff's physical limitations and restrictions that were sustained as a result of his work-related injuries, telling plaintiff "you can either be a car washer or just leave." Briggs and Wethered subjected plaintiff to increased scrutiny and supervision through unscheduled drug and alcohol testing not otherwise administered to other employees of defendants. After plaintiff's second work-related injury, Briggs told plaintiff "I need you to either resolve your issues with your doctors or quit and sue me."

Before and during April 2011, plaintiff made complaints to defendants' employees Adam Brazos, Chuck Cummings and Sandy Bradley about the offensive, derogatory and retaliatory conduct of Briggs and Wethered. In May 2011, plaintiff again reported the conduct of Briggs and Wethered to Steve Landers, an officer of defendants. Landers told plaintiff, "I know you can leave right now and

sue the crap out of me." After plaintiff's meeting with Landers, Briggs told plaintiff that he knew plaintiff had met with Landers and stated, "If you don't get your ass back to work, you can just stay home." On January 28, 2012, and after plaintiff advised defendants of a surgery scheduled for February 16, 2012, related to the aforementioned injuries, defendants terminated plaintiff. Briggs told plaintiff to leave the premises without providing him a reason. In retaliation for plaintiff's work-related injuries and his reporting of the aforementioned conduct, defendants harassed, mistreated and fired plaintiff.

When plaintiff complained about and opposed the aforementioned conduct and other offensive and retaliatory comments and actions of defendants' employees, defendants' management failed to take prompt and appropriate corrective action to end the wrongful treatment of plaintiff, treated plaintiff rudely, unfairly disciplined and supervised plaintiff, and terminated plaintiff. By failing to conduct a prompt and thorough investigation of the aforementioned conduct, defendants ratified and condoned this conduct in their workplace.

Prior to his firing, the individual who fired plaintiff knew about his work-related injuries, his need for medical treatment, his need for ongoing medical treatment, his need to be absent from work as a result of his work injuries, and his exercise of his statutory rights. Plaintiff argues that defendants fired him because of these reasons, and he alleges he suffered various damages as a result of defendants' actions.

## II.   Legal Standard

"Federal courts are courts of limited jurisdiction." *Culbertson v. Holder*, No. 12-2734-EFM-DJW, 2013 WL 3517141, at *2 (D. Kan. July 11, 2013) (citation omitted). To bring a claim under Title VII, a plaintiff must first exhaust his or her administrative remedies. *Id.* (citing *Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 527 (10th Cir. 2006)). Exhaustion of administrative remedies is a

jurisdictional prerequisite to suit. *Id.* (citing *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997)). If the plaintiff fails to exhaust his or her administrative remedies, then the court is without subject matter jurisdiction to hear the case, and it must be dismissed. *Id.* (citing *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005)). However, "[i]f the plaintiff does attempt to obtain administrative relief by first filing a complaint with the EEOC, the court's jurisdiction is limited to issues that are reasonably expected to arise from the claims filed with the EEOC." *Mitchell v. Compass Group USA, Inc.*, No. 12-2250-EFM, 2013 WL 3491401, at *2 (D. Kan. July 11, 2013) (citing *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)). The plaintiff carries the burden to show exhaustion of administrative remedies. *Id.* (citation omitted).

The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

Finally, "when a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion, for the 12(b)(6) challenge would be moot if the court

lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

### III. Discussion

#### A. Title VII Perceived Claims

The court must first consider whether it has subject matter jurisdiction over plaintiff's Title VII "perceived" discrimination claims before reaching the merits of this case.[2] Plaintiff must have exhausted his administrative remedies on his Title VII claims, or the court is without subject matter jurisdiction over these claims. *See Culbertson*, 2013 WL 3517141, at *2 (citation omitted). This case is a unique one. As will be explained below, plaintiff has stated a claim that does not exist under the applicable statute. Thus, although plaintiff attempted to exhaust his administrative remedies on his perceived discrimination claims, he did not do so—and he could not have done so. Because of the posture of this case, the court's analysis addresses in tandem subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

Plaintiff brings actual and perceived discrimination claims on the basis of race, color, national origin, and religion. Plaintiff's EEOC charge does state that Briggs called him an "Iranian terrorist," and a "Middle Eastern hitman," and stated that "[plaintiff's] relatives were getting in trouble" in referring to Middle-Eastern persons in the media. (Doc. 18-5.) But plaintiff does not state in his complaint or the EEOC charge that he is Middle-Eastern—or, in the alternative—that he is not, and that defendants perceived him as such. And plaintiff includes no other references to his race, color, national origin, or religion.

Regardless, case law clearly demonstrates that plaintiff's "perceived" discrimination claims are not cognizable under Title VII. *See, e.g.*, *Guthrey v. Cal. Dep't of Corr. & Rehab.*, No. 1:10-cv-

---

[2] Section 1981 claims are not subject to the exhaustion of administrative remedies requirement. *Mitchell v. City & Cnty. of Denver*, 112 F. App'x 662, 670 (10th Cir. 2004).

02177-AWI-BAM, 2012 WL 2499938, at *6 n.2 (E.D. Cal. June 27, 2012) (noting that the plaintiff is Caucasian and not a member of a protected class, finding that the plaintiff's "perception of race" theory is not recognized under Title VII, and collecting cases stating the same). Title VII protects only members of a protected class. *Butler v. Potter*, 345 F. Supp. 2d 844, 850 (E.D. Tenn. 2004) (citing 42 U.S.C. § 2000e-2(a)(1)). And as defendant points out, "Congress has shown, through the Rehabilitation Act and the Americans with Disability Act [("ADA")], that it knows how to enact legislation that protects persons who are wrongly perceived to be in a protected class." *Id.*

Unlike these other Acts, Title VII contains no language regarding the protection of those who are *perceived* to be members of a protected class. *Id.* Courts have found that "if Congress had intended Title VII to protect persons from discrimination based on *perceived* characteristics, it would have explicitly done so by using language similar to that found in the ADA or the Rehabilitation Act." *Burrage v. FedEx Freight, Inc.*, No. 4:10CV2755, 2012 WL 1068794, at *5 (N.D. Ohio Mar. 29, 2012) (emphasis added) (collecting cases). Citing these same reasons, courts have found that "perceived" discrimination claims like plaintiff's are not cognizable under Title VII. *See id.* This court finds the rationale of these cases persuasive.

Plaintiff's opposition cites to and attaches an EEOC Compliance Manual and an EEOC Fact Sheet in support of his argument that Title VII recognizes perceived discrimination claims. Plaintiff also cites case law that he argues supports his position. But the EEOC documents are unpersuasive here and not entitled to any special deference, especially when the explicit language in Title VII and clear case law stand for the opposite proposition. *Pack v. Kmart Corp*, 166 F.3d 1300, 1305 n.5 (10th Cir. 1999) (citation omitted) ("While the EEOC's guidance may be entitled to some consideration in our analysis, it does not carry the force of law and is not entitled to any special deference."); *Singh v. Green Thumb Landscaping, Inc.*, 390 F. Supp. 2d. 1129, 1138 (M.D. Fla. 2005) ("Because the plain

and unambiguous language of Title VII differs from this provision of the EEOC Compliance Manual and because the Compliance Manual is not the product of adjudication or notice-and-comment rulemaking, the Court finds that this provision of the Compliance Manual is not persuasive on the issue . . . ."). The cases cited by plaintiff also do not support his position. Plaintiff cites no valid authority recognizing perceived discrimination claims under Title VII, and the court finds none.

Unlike in Title VII cases, discrimination claims exist under the ADA for both actual disability and perceived disability. Both parties site the case of *Sink v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 1085 (D. Kan. 2001), in support of their respective positions on the issue of whether plaintiff exhausted his administrative remedies for his perceived claims under Title VII. In that case, the court analyzed whether the plaintiff's checking of the "disability" box meant he had exhausted his administrative remedies for discrimination claims based on both actual and perceived disability. *Sink*, 147 F. Supp. 2d at 1091. The court found that the plaintiff had exhausted his administrative remedies for both. *Id*. The plaintiff exhausted his administrative remedies on his actual disability claim because the EEOC charge included statements that the plaintiff had a permanent disability and that the defendant had knowledge of this fact. *Id.* And the court came to the same conclusion on the plaintiff's perceived disability claim, because the EEOC charge referenced the fact that the plaintiff was *not* disabled, but that he was refused permission to work because of a *perception* that he was disabled. *Id*. Moreover, the court noted that the very definition of "disability" under the ADA includes a perceived disability, so the plaintiff had exhausted his administrative remedies. *Id*. (collecting cases noting the same).

Here, plaintiff marked the boxes on his EEOC charge form for discrimination based on race, color, religion, national origin, and retaliation. (Doc. 18-5). As discussed above, no "perceived" discrimination claims exist under Title VII. Even so, the additional facts provided by plaintiff in his

EEOC charge did not allude to any "perceived" claims: plaintiff's charge states that he was discriminated against "because of my race, color national origin and religion . . . ." (Doc. 18-5.) Plaintiff does not indicate that he is not actually of a certain race, color, national origin, or religion that provided the basis for the discrimination, or that he was incorrectly perceived as being of a certain race, color, national origin, or religion. So, unlike in *Sink*, plaintiff's EEOC charge here did not include any additional facts that would indicate he was making a "perceived" discrimination claim, and plaintiff does not have the benefit of the inclusion of a perceived claim in the definition of any of his claims, as is the case with a disability claim under the ADA. *See* 147 F. Supp. 2d at 1091. Thus, plaintiff did not exhaust his administrative remedies and the court is without jurisdiction to consider plaintiff's "perceived" discrimination claims under Title VII.

### B. Section 1981 Perceived Claims

Section 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. This statute requires that the plaintiff be a member of a protected class. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001) (citations omitted). Thus, the plaintiff must show that he is a member of a racial minority. *See Miller v. Maddox*, 51 F. Supp. 2d 1176, 1188 (D. Kan. 1999). (citation omitted).

Plaintiff cites *Holt v. Wichita State University*, No. 82-1172, 1984 WL 2757 (D. Kan. June 29, 1984), in support of his argument that the Tenth Circuit recognizes discrimination claims on the basis of perceived race under Section 1981. Plaintiff argues that the Tenth Circuit in *Holt* defined "race discrimination as discrimination against a person because of his or her membership in a group that is

-8-

commonly perceived to be racially different from the white majority." (Doc. 71 at 1.) In *Holt*, the court held that Jews are indistinguishable from the white majority, even though there may be a mistaken belief that Jews represent a racial minority. 1984 WL 2757, at *3. Although the court did state that "the key to a finding of racial discrimination is finding a common perception, whether irrational or mistaken, of the plaintiff's group as racially different from the white majority," *Holt* did not find that Section 1981 recognizes claims for discrimination against individuals who are *not*, but are *perceived to be* racial minorities. Instead, implicit in the court's statement is that an individual must *actually be a member* of a group perceived as different from the white majority to state a claim under Section 1981. The mistaken perception addressed by the court is that regarding whether the group of which the plaintiff is a member (Jewish in the case of *Holt*) is racially different from the white majority. *See id.* A mistaken perception regarding a person's race will not suffice.

The plain language of Section 1981 does not support plaintiff's argument. And plaintiff has failed to cite valid authority to support his argument that Section 1981 recognizes a discrimination claim by an individual who is not, but is perceived to be, a member of a racial minority. Plaintiff's perceived race discrimination claims under Section 1981 fail and are dismissed.

**IV.    Conclusion**

Plaintiff failed to exhaust his administrative remedies for his Title VII discrimination claims on the basis of perceived race, color, national origin, and religion, as these claims are not cognizable under Title VII. As a result, the court lacks subject matter jurisdiction to hear these "perceived" claims. Plaintiff has also failed to state a claim under Section 1981, as his perceived race discrimination claims are not recognized under that statute. All of plaintiff's "perceived" claims under Title VII and Section 1981 are dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Dismiss (Doc. 56) is granted. Plaintiff's Title VII "perceived" claims are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's Section 1981 "perceived" claims are dismissed with prejudice for failure to state a claim.

Dated this 28th day of October, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
