IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HUBERT YOUSIF, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LANDERS MCCLARTY ) <br> OLATHE, KS, LLC, and ) <br> RLJ-MCCARTY-LANDERS ) <br> AUTOMOTIVE HOLDINGS, ) <br> LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No. 12-cv-2788-CM-GLR |

## MEMORANDUM AND ORDER

The Court has for consideration Plaintiff's Motion to Compel (ECF 44). Pursuant to Fed. R. Civ. P. 37 and D. Kan. Rule 37, it asks the Court to compel Defendants to withdraw their objections or fully respond to Plaintiff's Interrogatories 2, 3, 4, and 7 through 10 and Document Requests 6, 7, 13, 16 through 20, and 23, 24 and 25. With few exceptions Defendants oppose the motion. For the following reasons, the Court grants it in part and denies it in part.

By his amended complaint (ECF 47) Plaintiff seeks actual and punitive damages upon his claims alleged under Title VII and 42 U.S.C. § 1981 for actual discrimination[1] in his employment and under Kansas common law for retaliatory discharge by one or both Defendants. Defendants deny liability and assert a number of affirmative defenses.

---

[1] The Court has dismissed the claims of Plaintiff for perceived discrimination. (ECF 92).

**Interrogatory 2.**

Interrogatory 2 asks Defendants to state their gross revenues and profits from January 2007 to present. Defendants object on grounds of irrelevancy, confidentiality, and that the interrogatory "is overly broad in temporal scope." Plaintiff concedes that such information as may be provided may be limited in temporal scope, consistent with *McCloud v. Board of Geary County Comm'rs.*, Case No. 06-1002-MLB-DJW, 2008 WL 1743444, at *4 (D. Kan. Apr. 11, 2008). Against the objection of confidentiality, Plaintiff also proposes that the requested information be subject to the Protective Order in this case (ECF 83) and with the added requirement that it be available only for counsel to view.

The Court grants the motion in part and overrules it in part with regard to Interrogatory 2. The Court finds Interrogatory 2 relevant to the issue of punitive damages. It also agrees that the objection of confidentiality does not defeat the discovery. The Court will instead address that concern by extending the Protective Order to protect the responsive information with an added requirement that only counsel and not Plaintiff himself shall be privy to it.

As suggested by *McCloud*, the Court further finds Interrogatory 2 too broad in temporal scope. Accordingly, Defendants shall answer it no later than the commencement of trial. Such information may be limited to what are then as to each responding Defendant its current gross revenues and profits. An additional condition is that the issue of punitive damages at that point remains in the case as to the Defendant(s) thus answering the interrogatory.

**Interrogatory 3.**

Interrogatory 3 seeks the following:

> 3. Identify any person who, within the last five years, has complained either

formally or informally to Defendants regarding discriminatory or retaliatory conduct of Jeff Briggs, Dale Wethered, Steve Landers, Adam Brazos, Sandy Bradley or Chuck Cummings. For the individual identified, please provide the name, address, and telephone number of the person, including the relationship of the person indicated to the employer, dates of employment, the nature of the complaint leveled, the date of the complaint, and the results of any investigation and the action taken, if any, regarding the complaint.

Defendants objected to Interrogatory 3 on three grounds: that it is not reasonably calculated to lead to the discovery of admissible evidence; that it is overly broad in seeking identification of "any person," rather than "similarly situated employees," who have complained to Defendants about discriminatory or retaliatory conduct; and that it might seek information protected as attorney work product.

The parties appear to agree that prior acts of discrimination or retaliation may be relevant to show motive or intent of a party. The Court agrees that prior acts may be admissible.[2] It overrules the objection that the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has also agreed that his interrogatories do not seek information protected as work product. He also waives any requirement for Defendants to provide a log to support their claims of work product.

The Court agrees with Defendants that Interrogatory 3 is overly broad on two grounds: First, it seeks identification of "any person," rather than similarly situated employees, who may have complained to Defendants about discriminatory or retaliatory conduct. Second, it seeks discovery of misconduct by designated persons whom Plaintiff has neither pleaded nor otherwise shown to have committed discriminatory or retaliatory conduct against himself. The parties

---

[2]*See* Fed. R. Evid. 404(b)(2).

agree that Plaintiff has accused Jeff Briggs and Dale Wethered of discriminatory and retaliatory misconduct. But Defendants deny that there has been any adequate showing of misconduct by Steve Landers, Adam Brazos, Sandy Bradley, or Chuck Cummings.

The Court first addresses the reason for Interrogatory 3 to be limited to complaints by similarly situated employees, rather than by "any person." Plaintiff asserts claims for employment discrimination, based upon allegedly disparate treatment by the employer(s). Controlling case law provides that Plaintiff must thus prove discrimination by showing he was treated to his detriment and differently than other "similarly situated employees."[3] Complaints by other employees, rather than "any person," are thus relevant. To be "similarly situated" requires that Plaintiff and the other complaining employees be subject essentially to the same or similar working conditions, so as to create a reasonable basis for comparing how the employer treated and disciplined them.

Defendants argue that "similarly situated" employees should be only those who, like Plaintiff, were employed as Finance and Insurance Manager and who signed the "Finance & Insurance Code of Conduct." The facts in the memoranda of the parties, including their accompanying exhibits, indicate otherwise. Jeff Briggs was General Manager of Olathe Dodge, where Plaintiff worked. Briggs apparently directly supervised Plaintiff. Other employees within the various departments at Olathe Dodge worked under intermediate supervisors. Mr. Briggs exercised the general management and overall supervision of all employees, however, not just the Finance and Insurance Manager. As General Manager, Briggs addressed work-related

---

[3] *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006); *Manning v. General Motors*, 247 F.R.D. 646, 653 (D. Kan. 2007).

4

problems, including those involving employee relations and discipline. And he did so for the dealership, not just for its finance and insurance department. Page 5 of the employee handbook of Defendant(s) includes the following instruction for addressing a problem of employee relations: "If you prefer not to speak with your immediate supervisor, or if you feel your immediate supervisor cannot or has not satisfactorily resolved the problem, contact **the General Manager**. If you have a complaint of harassment, discrimination or accommodation, please refer to the Equal Employment Opportunity policy or the Policy Against Harassment in this handbook."[4] By contrast, the Finance & Insurance Code of Conduct served an altogether different purpose. It related to the functions of finance and insurance, not to matters of more general working conditions, employee relations, and discipline.

Plaintiff suggests that similarly situated employees should include those who work at other facilities of Defendants, including their home office in Arkansas. He identifies Steve Landers, either as president or otherwise an officer of Defendants, as a person who participated in his alleged discrimination and retaliation. During a visit to the Olathe dealership Plaintiff reported the "offensive, derogatory and retaliatory conduct of Briggs and Wethered to Landers."[5] Landers replied, "I know you can leave right now and sue the crap out of me." Briggs then told Plaintiff he knew he had met with Landers and stated, "If you don't get your ass back to work, you can just stay home."[6] From these curious exchanges Plaintiff suggests that Landers himself discriminated and retaliated against him. And, consequently, all facilities of Defendants, not just Olathe, should

---

[4]ECF 45-2, Exhibit 2.

[5]ECF 45, at 6.

[6]*Id.* at 6–7.

be included in the geographical scope of the requested discovery. The Court could speculate that Plaintiff is correct in his suggested assumption. But it could also speculate that the quoted conversation simply suggests that Landers became aware of a problem that should be addressed at the local level by the General Manager of the Olathe facility. The Court does not conclude from these two comments that Landers must have injected himself into the disciplinary process for which Briggs was responsible. Upon this meager evidence the Court declines to speculate. It declines, therefore, to jump to a conclusion that all facilities of Defendant should be targeted for the requested discovery.

In this case the Court also finds that similarly situated employees should include those who worked at the same geographical facility, i.e. the Olathe, Kansas, dealership of Defendant(s) and under the general managership of Jeff Briggs.[7] Plaintiff himself worked at that facility under the general management of Mr. Briggs. Briggs terminated the employment.

Interrogatory 3 also asks Defendants to identify persons who have complained "regarding discriminatory or retaliatory conduct of" Steve Landers, Adam Brazos, Sandy Bradley or Chuck Cummings. Plaintiff suggests all four of them, in addition to Jeff Briggs and Dale Wethered, engaged in the alleged discrimination or retaliation against him. The Court finds insufficient facts, however, to justify a pursuit of complaints against these four individuals. At best the facts suggest their responsibilities included communicating to Briggs and Wethered the complaints Plaintiff reported to them. They served as conduits for that information. But the Court also finds the facts too speculative to make a further leap and assume that Landers, Brazos, Bradley or Cummings

---

[7] *See Collins v. Wal-Mart Stores, Inc.*, Case No. 06-2466-CM-DJW, 2008 WL 1924935 (D. Kan. Apr. 30, 2008).

6

themselves discriminated or retaliated against Plaintiff or any other employee. Accordingly, the Court will not require Defendants to provide that information.

As thus limited, the Court grants the motion to compel Defendants to answer Interrogatory 3: They shall answer it with regard to complaints by employees similarly situated to Plaintiff. That includes all employees who work at the Olathe facility of Defendant(s) and who are subject to the company's disciplinary policy and the overall supervision of Jeff Briggs for disciplinary purposes. Complaints to be identified, if any, refer only to those against Jeff Briggs or Dale Wethered.

**Interrogatory 4**.

Interrogatory 4 seeks the following:

> 4. Identify any person who, within the last five years, has complained either formally or informally to Defendants regarding their workers' compensation claim or the exercise of their workers' compensation rights. For the individual identified, please provide the name, address, and telephone number of the person, including the relationship of the person indicated to the employer, dates of employment, the nature of the complaint leveled, the date of the complaint, and the results of any investigation and the action taken, if any, regarding the complaint.

Although Defendant(s) asserted several objections, their memoranda argues only that the interrogatory is overly broad and seeks work product. The Court sustains their objection that Interrogatory 4 is overly broad for inquiring about complaints of "any person." Defendants shall answer it with regard to any similarly situated employee, as already defined above. The parties agree that the discovery need not disclose work product.

**Interrogatories 7 and 8**.

The parties have resolved the objections by Defendant(s) to Interrogatory 7. Accordingly, they shall answer Interrogatory 7, limited to complaints about any discriminatory or retaliatory conduct that occurred during Plaintiff's employment. They shall answer Interrogatory 8 to identify

"persons who had knowledge of plaintiff's complaints identified in Bates Nos. LM3-LM5 and P81-P84."[8]

**Interrogatory 9**.

Interrogatory 9 seeks the following:

> 9. Identify each employee that has been subject to some form of discipline (up to and including termination) by Defendants for being involved in an altercation with a co-employee over the past five years. For each employee, state the name, address, and telephone number of the person; including the relationship of the person indicated to the Defendants, dates of employment, the date of the incident giving rise to discipline, the dates of any suspension (if applicable), and the nature of the disciplinary action taken.

Defendants objected to Interrogatory 9 on grounds of irrelevancy and that it is overly broad in not limiting the inquiry to "similarly situated employees" disciplined for "physical attacks."

The Court overrules the objections in part and sustains them in part. If evidence exists that a similarly situated employee was terminated for engaging in an altercation without any physical attack, it could be admissible under Fed. R. Evid. 404(b)(2). The Court makes no ruling at this point that such evidence would be found admissible in this case. The trial judge would make that ruling, were such evidence offered. At this point, however, the interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Defendant(s) shall answer it with regard to similarly situated employees, as defined above to include those employed at the Olathe Dodge facility and under the overall supervision of Jeff Bridges with regard to employee discipline.

**Interrogatory 10**.

Interrogatory 10 seeks the following:

---

[8] ECF 62 at 12.

> 10. Identify each individual that has been involuntarily terminated by Defendants, or asked for their resignation, for committing an offense which was considered so severe, that progressive discipline would not [be] appropriate."

Defendant(s) object on grounds Interrogatory 10 is overly broad on its face and is not reasonably calculated to lead to the discovery of admissible evidence. More specifically they again urge its failure to limit its inquiry to similarly situated employees who were terminated for physical attacks. They also complain that answering the interrogatory would require Defendant(s) to review more than 600 personnel files.

Defendants have provided no evidence to uphold their objection against reviewing 600 files. They have provided no evidence to support it. The Court overrules it.

The Court does sustain, however, the objections of irrelevancy and that the interrogatory is overly broad on its face. Plaintiff has not adequately explained how a list of other terminated employees, regardless of individual circumstances of their termination, will likely provide anything of consequence in this case beyond mere speculation. It seeks identities of employees, moreover, not only who have been involuntarily terminated, but also those who have simply been asked to resign. And it requires argumentative mental exercise to determine in each instance what, if any, consideration should have been given to some alternative of progressive discipline.

**Request for Production 6**.

Request for Production 6 asks for the following:

> 6. All notes, memoranda, letters, correspondence, electronic communications, or other document(s) relating to an allegation against an employee of Defendants of any kind.

Defendants object on grounds the request is overly broad, lacking in specificity and particularity, and therefore not reasonably calculated to lead to the discovery of admissible

evidence. Interrogatory 6 is overly broad on its face. The Court sustains that objection.

**Request for Production 7**.

Request for Production 7 asks for the following:

> 7. All notes, memoranda, letters, correspondence, electronic communications, or other document(s) that refer to any individual who was subject to some form of disciplinary action (up to and including termination) for being involved in an altercation with a co-worker.

Defendants object on grounds that Request 7 is overly broad and unduly burdensome on its face. The Court agrees. Asking for all documents "that refer to any individual" imposes upon the respondent an unreasonable burden. First, in the context of this request, respondent must first determine with what breadth or narrowness "refer" shall be defined. Second, respondent must determine who is included as "any individual who was subject to" any form of discipline. And third, respondent must then locate and cull out every piece of paper or ESI that may be included in the described category. The Court sustains the objection.

**Request for Production 13**.

Request for Production 13 asks for the following:

> 13. All documents concerning or reflecting internal or external complaints regarding altercations with a co-employee made by any employee regarding Defendants within the last five years and arising out of any store or office.

The Court sustains the objections that Request 13 is overly broad and unduly burdensome on its face and for reasons already stated. Plaintiff has created a big sandwich from "all documents," "concerning or reflecting" something either "internal or external" and "regarding Defendants" and "arising out of any store or office." Reasonable discovery calls for moderation and common sense, as well as the hunger to be thorough. It should not impose upon the

responding party unnecessary burdens of guesswork and word puzzles. Defendants will not be required to respond to Request 13.

**Requests for Production 14 through 20**.

Request for Production 14 asks for the following:

> 14. Jeff Briggs' personnel file and/or any notes, memoranda, letters, correspondence, electronic communications or other document(s) concerning or reflecting his job performance, discipline, or complaints about her/him or his conduct (internal, external, formal or informal).

Requests 15 through 20 are similar to No. 14. They ask for the personnel file "and/or" the same additional information respectively for each of the following persons: Dale Wethered; Steve Landers; Adam Brazos; Sandy Bradley; Chuck Cummings; and finally in Request 20 for "any person who made the decision or had input in the decision to end Plaintiff's employment." All of these named individuals are or at material times were employees of either or both Defendants.

Defendants agree to produce the personnel files for Messrs. Briggs and Wethered. Beyond that, they oppose these seven requests. Their principal objection against any production with regard to Landers, Brazos, Bradley and Cummings is the absence of any allegation or showing that any of these four persons discriminated or retaliated against Plaintiff. Plaintiff contends, to the contrary, that the allegations in his pleadings and in other evidence provided with the briefing do show their engagement in the alleged discrimination and retaliation. As already stated, the Court finds that neither the pleadings nor other proffered information adequately show that any of these four persons participated in the alleged wrongdoing. All of them apparently had knowledge that Plaintiff was complaining either vocally or in writing that Briggs and possibly Wethered had discriminated or retaliated against them. And at least some of them did communicate those

complaints to Briggs, Landers, and possibly other personnel of Defendants.  But simply serving as conduits for such information does not convert the communicator into a wrongdoer.  For these reasons the Court will require Defendants to produce, as agreed, in response to Requests 14 and 15 the personnel files of Jeff Briggs and Dale Wethered.  It sustains the objections against Requests 16 through 19.

The foregoing rationale does not apply, of course, to Request 20.  It seeks the personnel file or related information for "any person who made the decision or had input in the decision to end Plaintiff's employment."  The Court overrules the objections that the request is overly broad and vague.  To comply with the request Defendant(s) need only to produce the personnel file of any person(s) authorized by either Defendant to participate in the decision "to end Plaintiff's employment" and who in fact did participate in that decision.  As an alternative to producing the personnel file, Defendant(s) may instead produce the other documents described by the request.  The Court thus grants the motion to compel production of items sought by Request 20.

**Request for Production 23**.

Request for Production 23 seeks the following:

> 23.  All notes, memoranda, letters, correspondence, electronic communications, or other document(s) concerning or reflecting any investigation into Plaintiff's complaints voiced to Defendants regarding the complaints addressed by plaintiff to Defendants about plaintiff's race, religion, national origin, color or exercise of his workers' compensation rights.

In their response to the motion Defendants report that they and Plaintiff have settled their differences about Request 23.  Consequently, Defendants have withdrawn their objection, based upon the understanding of the parties that the requested documents would be limited to those resulting from any investigation that Defendants undertook after Plaintiff complained about their

unlawful behavior "that was based on protected categories under Title VII and Kansas common law."[9] Plaintiff is not seeking information obtained by counsel. Nor is he requesting Defendants to provide a privilege log. With this understanding Defendants have withdrawn their objections and will provide the requested information, as provided by their agreement.

**Request for Production 24 and 25**.

In their response to the motion Defendants report their withdrawal of objections to Requests 24 and 25. They base their withdrawal upon clarification provided by the memorandum in support of the motion. Accordingly, the Court grants the motion to compel production of items responsive to Requests 24 and 25, subject to the clarification provided by the agreement of the parties.

**Summary**

For the foregoing reasons the Court grants in part and denies in part Plaintiff's Motion to Compel (ECF 44). Subject to the directions in this order Defendant(s) shall provide further answers to Plaintiff's First Set of Interrogatories to Defendants and produce items responsive to Plaintiff's First Request for Production of Documents, as follows: At or before the commencement of trial Defendant shall answer Interrogatory 2. Within fourteen (14) days of the date of this Order Defendant(s) shall answer Interrogatories 3, 4, 7, 8 and 9 and shall produce items responsive to Requests 14, 15, 20, 23, 24, and 25. The Court otherwise denies the motion. Throughout their briefing the parties have agreed that Defendants should not be required to provide work product of their counsel or a log to support it. Accordingly, in responding to the discovery, Defendants are not required to provide information protected as work product. The Court finds no occasion for

---

[9] ECF 62 at p. 26.

imposing sanctions.

       IT IS SO ORDERED.

       Dated this 14th day of November, 2013.

<u>s/Gerald L. Rushfelt</u><br>
Gerald L. Rushfelt<br>
U. S. Magistrate Judge